[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 22, 2008
THOMAS K. KAHN
CLERK

Nos. 07-11841 & 07-13365
Non-Argument Calendar

_____

BIA No. A79-468-582

JOSE EFRAIN MENDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of Decisions of the
Board of Immigration Appeals

_____

**(July 22, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jose Efrain Mendez, a native and citizen of Colombia, appeals from the

Board of Immigration Appeals' (BIA's) decisions denying his motion to reopen his removal proceedings and further denying his motion to reconsider that order. The BIA, in its denial of his motion to reopen and motion to reconsider, held (1) Mendez's motion for reconsideration was numerically barred, (2) Mendez had failed to produce any evidence that would alter its determination he had not demonstrated exceptional circumstances so as to excuse the late filing of his asylum application, and (3) Mendez had failed to meet his burden of proof in establishing that, but for his attorney's ineffectiveness, the outcome of his proceedings would have been different. Both Mendez and the Government assert several issues on appeal, which we address in turn. After review, we deny Mendez's petitions.

## I.

The Government contends there is no Fifth Amendment due process right to effective assistance of counsel in immigration cases, and the failure to receive relief that is purely discretionary, such as asylum, does not amount to a deprivation of a liberty interest and, accordingly, does not provide a basis for an ineffective assistance of counsel claim.

In *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1273 (11th Cir. 2005), a case where an alien sought relief from removal in the form of asylum, we held "[i]t is well established in this Circuit that an alien in civil deportation proceedings, while

2

not entitled to a Sixth Amendment right to counsel, has the constitutional right under the Fifth Amendment Due Process Clause to a fundamentally fair hearing to *effective* assistance of counsel where counsel has been obtained." We have further held that, while "failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest," *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir.1999), aliens do have a protected interest in petitioning for asylum, *Haitian Refugee Ctr. v. Smith*, 676 F.2d 1023, 1038 (5th Cir. Unit B 1982) (finding, "in the federal regulations establishing an asylum procedure . . . a clear intent to grant aliens the right to submit and the opportunity to substantiate their claim for asylum"). Because the Government's arguments are foreclosed by our precedent, we turn to the merits of Mendez's petitions.

II.

Mendez asserts the BIA erred when it dismissed his motion for reconsideration as numerically barred, as this was the first and only motion to reconsider filed regarding the BIA's denial of his motion to reopen. The Government concedes this was error.

Under 8 C.F.R. § 1003.2(b)(2), "[a] party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider." 8 C.F.R. § 1003.2(b)(2). In *Calle v. U.S. Atty. Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007), we held:

> The regulation does not provide that an alien may file only one motion to reconsider throughout her entire proceedings. To the contrary, the regulation's use of the singular terms "a decision" and "any given decision" suggests that an alien may file a motion to reconsider as to *each decision* by the BIA that an alien is removable.

Therefore, we concluded Calle's motion to reconsider could not be deemed numerically barred on the basis of an earlier motion for reconsideration directed at a different decision. *Id.* at 1328-29.

Mendez's motion to reconsider the BIA's order denying his motion to reopen was the first motion to reconsider filed for that particular BIA decision. Accordingly, the BIA abused its discretion when it denied Mendez's motion as numerically barred under § 1003.2(b)(2). However, because the BIA also denied Mendez's motion on the merits of his claim, as is discussed below, the BIA's error in this regard was harmless.

## III.

Mendez contends the BIA erred as a matter of law in denying his motion to reopen on the ground he had not established prejudice resulting from ineffective assistance of counsel on the basis the evidence presented would not alter the conclusion the allegations did not rise to the level of persecution. He further asserts the evidence submitted by him in his motion to reopen provided significant corroborative evidence that demonstrated there was a reasonable likelihood he was

4

eligible for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) had he received proper representation.

We review both the denial of a motion to reopen a removal order and the denial of a motion to reconsider for an abuse of discretion. *Ali v. U.S. Att'y. Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (motion to reopen); *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003) (motion to reconsider). Review is "limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Ali*, 443 F.3d at 808 (quotations omitted).

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). We have held an alien can move to reopen his removal order on the basis of ineffective assistance of counsel, as Mendez did here. *See Dakane*, 399 F.3d at 1274.

Motions to reconsider are filed before the immigration officer, court, or the BIA, for review of claimed errors in the law or facts. *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. 1003.2(b)(1). Here, Mendez filed a motion to reconsider the BIA's denial of his motion to reopen, raising the same

5

claims on appeal. Thus, to the extent the BIA properly denied his motion to reopen, it properly denied his motion to reconsider.

To establish ineffective assistance of counsel in the context of a deportation hearing, "an alien must establish that his or her counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing such that the alien was unable to reasonably present his or her case." *Dakane*, 399 F.3d at 1274 (quotations omitted). In *Matter of Lozada*, 19 I&N Dec. 637, 639 (BIA 1988), the BIA set out the requirements for establishing an ineffective assistance of counsel claim in immigration proceedings. A motion based on ineffective assistance of counsel requires (1) the motion be supported by an affidavit of the respondent setting forth in detail the agreement that was entered into with counsel, (2) counsel be informed of the allegations leveled against him and be given an opportunity to respond, and (3) the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's responsibilities, and if not, why not. *Id.*

We have upheld the *Matter of Lozada* requirements, and held an alien also must show prejudice when he advances an ineffective assistance claim. *Dakane*, 399 F.3d at 1274. "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." *Id.* Thus, for Mendez to

6

succeed under *Dakane*, he must establish there is a reasonable probability that, but for the mistakes of his attorney, the outcome of his original asylum, withholding of removal, and CAT requests would have been different. *See id.*

The BIA did not abuse its discretion in denying Mendez's motion to reopen or motion to reconsider. Mendez failed to demonstrate that, but for his attorney's ineffectiveness, there was a reasonable probability the outcome of the proceeding would have been different. With regard to the timeliness of his asylum application, Mendez testified at his hearing that he did not speak to an attorney until after the one-year filing deadline had passed, thus refuting any claims he raised that the erroneous advice of attorneys excused his untimely filing. With regard to his claims for withholding of removal and relief under the CAT, the evidence he submitted either primarily corroborated his testimony before the Immigration Judge (IJ) which the BIA had found credible, or was cumulative of evidence already in the record. Further, Mendez does not explain how the evidence submitted with his motion to reopen differs from that originally submitted, or how it would have altered the outcome of his removal proceeding had it been submitted at that time. Accordingly, he has failed to show the BIA's denial of his motions was so "arbitrary or capricious" as to amount to an abuse of discretion.

IV.

Finally, Mendez asserts the BIA erred in its January 30, 2006, order and order denying his motion to reconsider when it found he had not suffered past persecution. We review our subject matter jurisdiction *de novo*. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). To the extent the BIA issues a reviewable, final order, an alien must file a petition for review of such decision within 30 days after the date of the final order. 8 U.S.C. § 1252(b)(1). This time limit is mandatory and jurisdictional, and is not tolled or suspended by the filing of a motion to reopen with the Board. *Dakane*, 399 F.3d at 1272 n.3.

To the extent Mendez's argument he BIA erred by finding he did not establish past persecution is an attempt to argue his attorney's failure to present the materials in his motion to reopen was prejudicial to his case, as discussed above, he did not show prejudice. To the extent Mendez attempts to appeal the BIA's January 30, 2006, affirmance of the IJ's removal order, because Mendez did not timely appeal from that order, and because the 30 day time period to appeal from that order has expired, we lack jurisdiction to review the BIA's January 30, 2006, decision. Accordingly, Mendez's petitions for review of the BIA's order denying his motion to reopen and motion for reconsideration are denied.

**PETITIONS DENIED.**

8